Rockingham
No. 94-660

WILLIAM R. MASON

v.

RAYMOND P. SMITH & a.

March 7, 1996

*McDowell & Mekeel, P.A.*, of Manchester (*Joseph F. McDowell, III* and *Mark D. Morrissette* on the brief, and *Mr. Morrissette* orally), for the plaintiff.

*Wiggin & Nourie, P.A.*, of Manchester (*John B. Kenison, Jr.* and *Michael A. Delaney* on the defendants' joint brief, and *Mr. Kenison* orally), for defendant Raymond P. Smith.

*Nelson, Kinder, Mosseau & Gordon*, of Manchester (*Martha V. Gordon* on the defendants' joint brief and orally), for defendant Louis Guevin.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Joseph M. McDonough, III* on the defendants' joint brief), for defendant Marc Crandall.

THAYER, J. The plaintiff, William R. Mason, appeals an order of the Superior Court (*McHugh*, J.) granting summary judgment to the defendants, Raymond P. Smith, Louis Guevin, and Marc Crandall. The issue on appeal is whether the trial court erred in ruling that the plaintiff's State law tort claims for the allegedly wrongful filing of an involuntary bankruptcy petition are preempted

by section 303(i) of the United States Bankruptcy Code. *See* 11 U.S.C. § 303(i) (1988). We affirm.

The plaintiff filed suit in superior court, claiming that the defendants, as officers of Rockingham County Trust and its successor New Hampshire Savings Bank (together, the "bank"), maliciously caused the bank to file an involuntary bankruptcy petition under chapter 7 of the Bankruptcy Code against the plaintiff, a debtor of the bank. The complaint alleged that the defendants knew that the bank could not by itself properly file an involuntary petition because the plaintiff had more than twelve creditors. *See* 11 U.S.C. § 303(b) (1988). The plaintiff's claims, all sounding in tort, include abuse of process, intentional and negligent misrepresentation, interference with business or contractual relations, breach of fiduciary duties, and malicious prosecution.

The defendants moved for summary judgment on the ground that the plaintiff's claims are preempted by section 303(i) of the Bankruptcy Code, which provides a penalty scheme for wrongful filings of involuntary petitions. *See* 11 U.S.C. § 303(i). "Summary judgment is an appropriate means of avoiding the expense and time of a full trial when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *High Country Assocs. v. N.H. Ins. Co.*, 139 N.H. 39, 41, 648 A.2d 474, 476 (1994). In reviewing a motion for summary judgment, we consider the evidence in the light most favorable to the party opposing the motion, taking all reasonable inferences that may be drawn from the evidence in that party's favor. *Id.*

■ An involuntary bankruptcy petition may be filed, with exceptions not relevant here, against a person who qualifies as a debtor under chapter 7 or chapter 11 of the Bankruptcy Code. 11 U.S.C. § 303(a) (1988). Debtors have a remedy for wrongfully filed involuntary petitions under section 303(i). This section provides:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment —
>
> (1) against the petitioners and in favor of the debtor for —
>
>    (A) costs; or
>    (B) a reasonable attorney's fee; or
> (2) against any petitioner that filed the petition in bad faith, for —
>    (A) any damages proximately caused by such filing; or

(B) punitive damages.

It is undisputed that the plaintiff and the bank consented to dismissal of the involuntary petition and that accordingly the plaintiff was not entitled to collect damages under section 303(i) in the underlying bankruptcy proceedings.

■ State law is preempted under the supremacy clause of the United States Constitution, U.S. CONST. art. VI, cl. 2, in three circumstances. "First, Congress can define explicitly the extent to which its enactments pre-empt state law." *English v. General Electric Co.*, 496 U.S. 72, 78 (1990). "Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively." *Id.* at 79. "Finally, state law is pre-empted to the extent that it actually conflicts with federal law." *Id.*

■ The defendants have not made a claim of express preemption under section 303(i), and our review of the Bankruptcy Code reveals no explicit statement preempting state law claims based on the wrongful filing of an involuntary petition. Instead, the defendants point to the specific remedies in section 303(i) for wrongful filings and to the fact that Congress has conferred exclusive bankruptcy jurisdiction on the federal courts to arrive at the conclusion that state law remedies for wrongful filings are impliedly preempted. Implied preemption may be found where there exists a

> scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it, or where an Act of Congress touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.

*Id.* (quotations, ellipses, and brackets omitted). Where the field to be preempted includes areas traditionally occupied by the States, however, Congress' intent to supersede state law must be "clear and manifest." *Id.* (quotation omitted). The defendants also argue that an actual conflict exists in this case because State tort remedies stand as an obstacle to the accomplishment of the objectives of Congress in enacting section 303(i) of the Bankruptcy Code. *See id.*

We recently examined the issue of state law preemption in the bankruptcy context. In *Wenners v. Great State Beverages, Inc.*, 140 N.H. 100, 663 A.2d 623 (1995), *cert. denied*, 116, S. Ct. 926 (1996), we held that the plaintiff's common law cause of action for wrongful

termination was not preempted by section 525(b) of the Bankruptcy Code, which prevents private employers from terminating or discriminating against the employment of a debtor in bankruptcy for specified reasons related to the bankruptcy. The defendant in *Wenners* argued that the plaintiff's common law claims should be preempted because the plaintiff had a statutory remedy for wrongful termination under section 105(a) of the Bankruptcy Code, which provides the bankruptcy court with a general grant of power to effectuate the Code's provisions. *Id.* at 102-03, 663 A.2d at 625. We rejected the defendant's argument, noting that section 525(b) itself offers no means for enforcing claims for wrongful termination and that employment and employment discrimination are fields traditionally occupied by the States. *Id.* at 103-04, 663 A.2d at 625-26.

In the case at bar, however, section 303(i) of the Bankruptcy Code provides specific remedies for the conduct complained of by the plaintiff. When the bankruptcy court dismisses a petition other than on consent of the parties, and if the debtor does not waive the right to judgment, the debtor can recover costs or a reasonable attorney's fee or, if the petition was filed in bad faith, consequential or punitive damages. 11 U.S.C. § 303(i). We agree with the Ninth Circuit Court of Appeals' statement of policy concerning sanctions for improper filings:

> Congress' authorization of certain sanctions for the filing of frivolous bankruptcy petitions should be read as an implicit rejection of other penalties, including the kind of substantial damage awards that might be available in state court tort suits. Even the mere possibility of being sued in tort in state court could in some instances deter persons from exercising their rights in bankruptcy. In any event, it is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized.

*Gonzales v. Parks*, 830 F.2d 1033, 1036 (9th Cir. 1987). Allowing plaintiffs to pursue alternative remedies in state courts for wrongful filings would frustrate the uniformity of bankruptcy law intended by Congress by allowing each State to establish its own definition of "bad faith" with regard to the filing of involuntary petitions. *Gene R. Smith Corp. v. Terry's Tractor*, 257 Cal. Rptr. 598, 600 (Ct. App. 1989). State court remedies for wrongful filings could also create a material disincentive for entry into the bankruptcy system that Congress did not intend. *Id.* "The determination of damages in state

courts should not determine the potential cost of entry into the federal bankruptcy system." *Id.*

■■ We acknowledge that preemption of state law remedies for the wrongful filing of an involuntary petition conflicts with the traditional authority of States to provide tort remedies to their citizens. *See Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115, 123 (Bankr. D. Md. 1995). Nonetheless, we believe that in this case, where the underlying action for which liability is said to attach is the bank's "claim for relief under a federal law, in a federal court, and within that court's exclusive jurisdiction," *Gonzales*, 830 F.2d at 1035, the federal interest in maintaining exclusive control over the incentives and penalties for entry into the bankruptcy system is paramount. We therefore hold that the plaintiff's State law tort claims based on the allegedly wrongful filing of an involuntary petition are impliedly preempted by section 303(i) of the Bankruptcy Code. *See Gene R. Smith*, 257 Cal. Rptr. at 599-600; *Koffman*, 182 B.R. at 127; *Sarno v. Thermen*, 608 N.E.2d 11, 18 (Ill. App. Ct. 1992).

The plaintiff's reliance on *Paradise Hotel Corporation v. Bank of Nova Scotia*, 842 F.2d 47 (3rd Cir. 1988), is misplaced. The court in *Paradise Hotel* allowed the plaintiff to proceed on its tort claims based on the wrongful filing of an involuntary chapter 7 bankruptcy petition. *Id.* at 52. The holding in that case, however, was limited to situations in which the plaintiff has converted to, or independently petitioned for relief under, chapter 11. *Id.* The court reasoned that treating section 303(i)(2) as an exclusive remedy in those situations would penalize a debtor "for exercising its statutory right to convert promptly." *Id. But see In re Kelton Motors Inc.*, 121 B.R. 166, 186-87 (Bankr. D. Vt. 1990) (consent to dismissal of involuntary chapter 7 petition may be qualified by reservation of section 303(i) claims). In the case at bar, the plaintiff's failure to pursue section 303(i) remedies was not tied to his initiation of chapter 11 proceedings. We are thus not presented with the factual situation confronted in *Paradise Hotel*, and we need not decide whether we would find persuasive the concerns expressed in that case.

The plaintiff next argues that his State law claims should not be preempted because the defendants are not petitioners within the meaning of section 303(i). The petition was filed in the name of the bank, not in the defendants' names, and the plaintiff contends that he could not have claimed damages against the defendants under section 303(i) even if he had contested the involuntary petition and prevailed on the merits. He argues that therefore there was no remedy under the Bankruptcy Code that could be said to preempt

his claims against the defendants. We reject this argument for two reasons.

■    First, we are skeptical of the plaintiff's claim that section 303(i) applies only to named petitioners and cannot apply to the principals or agents of a petitioning corporation. In *In re Oakley Custom Homes, Inc.*, 168 B.R. 232, 235 (Bankr. D. Colo. 1994), the court assumed jurisdiction over the agent of a petitioning creditor, apparently under the authority of section 303(i). In *In re HSR Associates*, 162 B.R. 680, 683-84 (Bankr. D. N.J. 1994), the court appeared to hold the doctrine of piercing the corporate veil applicable to the principals of a petitioning corporation, although it found that the facts of that particular case were insufficient to invoke the doctrine. None of the cases cited by the parties hold that the principals and agents of a named petitioner *cannot*, under any circumstances, be reached under section 303(i), and we doubt whether the framers of the Bankruptcy Code intended that the principals and agents of a petitioning creditor should be absolutely immune from liability under the Code.

■■    Second, even assuming that section 303(i) provides no remedy against agents of a petitioning creditor, the absence of a remedy would not necessarily preclude preemption of state law. We are of the opinion that the remedies available to a debtor under federal law for the wrongful filing of an involuntary petition are intended to be exclusive of state law remedies in the circumstances presented by this case, *see Gonzales*, 830 F.2d at 1036, whether or not additional defendants would be available under state law.

Finally, we note that the plaintiff has briefed the issue of whether section 303(i) is an exclusive remedy. We see no reason on the facts of this case to decide whether other provisions of federal law, in particular Bankruptcy Rule 9011 and section 105(a) of the Bankruptcy Code, might also provide remedies to debtors for wrongfully filed involuntary petitions.

*Affirmed.*

All concurred.