Cheshire
No. 99-264

ROBERT BLISS

v.

STOW MILLS, INC.

June 27, 2001

*Finis E. Williams, III*, of Concord, by brief and orally, for the plaintiff.

*Bragdon, Berkson, Davis & Klein, P.C.*, of Keene (*James R. Davis* on the brief), and *Skoler, Abbott & Presser, P.C.*, of Springfield, Massachusetts (*Jay M. Presser* and *Richard U. Stubbs, Jr.* on the brief, and *Mr. Presser* orally), for the defendant.

BRODERICK, J. The plaintiff, Robert Bliss, appeals the decision of the Superior Court (*Arnold*, J.) dismissing his claim against the defendant, Stow Mills, Inc. (Stow Mills), for wrongful discharge. The superior court granted the defendant's motion to dismiss for lack of subject matter jurisdiction on the basis that the federal Surface Transportation and Assistance Act of 1982 (STAA), codified at 49 U.S.C. §§ 31101 *et seq.* (1996 & Supp. 2000), preempts New Hampshire common law claims for wrongful discharge. We reverse and remand.

The following facts are not disputed. Stow Mills, located in Chesterfield, is a wholesale distributor of natural foods and employed the plaintiff as a truck driver for approximately ten years before he was discharged in 1994. In November 1993, Stow Mills' drivers held their annual meeting to select delivery routes. The plaintiff selected a route called the "Hadley Run #312." This route required the plaintiff to deliver products to stores in Massachusetts and Connecticut.

The trucking operations of Stow Mills are governed by the STAA and the Federal Motor Carrier Safety regulations. *See* 49 U.S.C. § 31136. In particular, the federal regulations prohibit truck drivers from driving "[f]or any period after having been on duty 15 hours following 8 consecutive hours off duty." 49 C.F.R. § 395.3(a)(2). On numerous occasions, the plaintiff notified Stow Mills that Hadley Run #312 could not be completed within the federally regulated fifteen-hour time frame. According to the plaintiff, Stow Mills responded by blaming him for being unproductive. Shortly before the 1994 annual drivers' meeting, the plaintiff told Stow Mills he would no longer drive Hadley Run #312 and would report to authorities what he considered to be federal violations. The plaintiff alleges that Stow Mills retaliated by wrongfully terminating his employment.

The plaintiff brought suit, alleging a common law claim for wrongful discharge and a claim under the Whistleblowers' Protection Act, *see* RSA ch. 275-E (1999 & Supp. 2000). The trial court dismissed the latter claim based upon the plaintiff's failure to exhaust administrative remedies. Subsequently, the trial court dismissed the plaintiff's wrongful discharge claim, ruling that the STAA preempts it. The sole issue on appeal is whether the trial court's preemption ruling is erroneous as a matter of law.

The STAA was enacted in 1983 and required the United States Department of Transportation Federal Highway Administration to establish extensive safety regulations for long-haul drivers and motor carriers. *See* 49 U.S.C. § 31136. The principal purposes of the statute and its regulations are to promote the safe operation of commercial carriers on interstate highways and to protect the safety of commercial carrier drivers. *See* 49 U.S.C. § 31131(a).

■ In order to encourage the reporting of safety violations, the STAA affords drivers who refuse to break the law or drive vehicles they believe to be unsafe some degree of protection from retaliatory actions by employers. *See Brock v. Roadway Express, Inc.*, 481 U.S. 252, 258 (1986); 49 U.S.C. § 31105. Section 31105 of the STAA states:

(a) Prohibitions. — (1) A person may not discharge an employee, or discipline or discriminate against an employee regarding pay, terms, or privileges of employment, because —

(A) the employee, or another person at the employee's request, has filed a complaint or begun a proceeding related to a violation of a commercial motor vehicle safety regulation, standard, or order, or has testified or will testify in such a proceeding; or

(B) the employee refuses to operate a vehicle because —

(i) the operation violates a regulation, standard, or order of the United States related to commercial motor vehicle safety or health; or

(ii) the employee has a reasonable apprehension of serious injury to the employee or the public because of the vehicle's unsafe condition.

An employee who alleges a violation of subsection (a) "may file a complaint with the Secretary of Labor not later than 180 days after the alleged violation occurred." 49 U.S.C. § 31105(b). Section 31105 provides the procedures to be followed should an employee file such a complaint. The defendant argues that section 31105 provides the only means of redress for an employee alleging wrongful discharge and that any similar state law claim is preempted by the federal statutory scheme. The defendant also argues that the plaintiff's claim cannot lie because it is premised upon a public policy created solely by the federal statute. We reject the latter argument, as our case law makes clear that the public policy violated by a wrongful

discharge "can be based on statutory or nonstatutory policy." *Cilley v. N.H. Ball Bearings, Inc.*, 128 N.H. 401, 406 (1986).

■ "State law is preempted under the Supremacy Clause of the United States Constitution where: (1) Congress expresses an intent to displace state law; (2) Congress implicitly supplants state law by granting exclusive regulatory power in a particular field to the federal government; or (3) state and federal law actually conflict." *Disabilities Rights Center, Inc. v. Comm'r, N.H. Dept. of Corrections*, 143 N.H. 674, 676 (1999).

As in *Mason v. Smith*, 140 N.H. 696 (1996), the defendant does not argue that the STAA contains an explicit statement preempting state law claims based upon wrongful discharge. Rather, the defendant contends that the STAA's specific statutory procedures for filing a complaint and the remedies available under section 31105 implicitly preempt state law. Implied preemption

> may be inferred from a scheme of federal regulation so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it, or where an Act of Congress touches a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.

*English v. General Electric Co.*, 496 U.S. 72, 79 (1990) (quotations, ellipses and brackets omitted).

In *Mason*, we held that a state law tort claim for wrongful filing of an involuntary bankruptcy petition is preempted by section 303(i) of the United States Bankruptcy Code. *See Mason*, 140 N.H. at 701. We concluded that allowing a plaintiff to pursue state law claims for wrongful filings "would frustrate the uniformity of bankruptcy law intended by Congress by allowing each State to establish its own definition of bad faith with regard to the filing of involuntary petitions." *Id.* at 700 (quotation omitted). While acknowledging that providing tort remedies to its citizens is traditionally within state authority, we found that "the federal interest in maintaining exclusive control over the incentives and penalties for entry into the bankruptcy system is paramount." *Id.* at 701. This conclusion clearly rested upon a determination that section 303(i) of the Bankruptcy Code "touches a field in which the federal interest is so dominant that the federal system is assumed to preclude enforcement of state laws on the same subject." *English*, 496 U.S. at 79. The defendant urges us to adopt a similar stance in regard to the

employee protection provisions of section 31105 of the STAA. We decline to do so.

We do not find the federal interest in protecting drivers from retaliatory actions "so dominant," *English*, 496 U.S. at 79, that section 31105 of the STAA must be found to preempt a state law claim for wrongful discharge. Nor do we find the protections outlined in section 31105 "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." *Id.* We are mindful that "[i]n determining whether a state cause of action is preempted by federal law, our sole task is to ascertain the intent of Congress." *Tebbetts v. Ford Motor Co.*, 140 N.H. 203, 207 (1995) (quotation omitted), *cert. denied*, 516 U.S. 1072 (1996). "If the field which Congress is said to have preempted includes an area traditionally occupied by the States, such as employment or employment discrimination, Congress' intent to preempt must be 'clear and manifest.'" *Wenners v. Great State Beverages*, 140 N.H. 100, 104 (1995) (quoting *English*, 496 U.S. at 79), *cert. denied*, 516 U.S. 1119 (1996).

Section 49 U.S.C. § 31105(b) states that an employee "may file a complaint with the Secretary of Labor." This language is permissive, not mandatory, and does not state that filing with the Secretary of Labor is the employee's exclusive forum in which to seek relief. *Cf. Norris v. Lumbermen's Mut. Cas. Co.*, 881 F.2d 1144, 1147 (1st Cir. 1989) (in finding Congress did not intend that whistle blower provision of Energy Reorganization Act preempt state tort law claim, court noted permissive language of provision).

A review of the STAA's legislative history removes any doubts regarding its intended impact upon state law claims for wrongful discharge. During congressional hearings, Senator Percy raised a concern surrounding the preemptive effect of the STAA over "other avenues of relief and remedies that might be available to employees under union contracts, or statutory or common law." S. CONG. REC. 32511, Dec. 19, 1982. In response, Senator Danforth, one of the principal authors of the legislation, responded that "[t]he driver protection provisions of title IV are most certainly intended to strengthen, not displace, any existing remedies employees may have at law." *Id.*

The regulations implementing section 31105 expressly recognize that an employee may seek redress in grievance arbitration proceedings or file concurrent complaints with other agencies or "bodies." 29 C.F.R. § 1978.112(a)(1)(A) (2000). Indeed, the regulations indicate that "[w]here [a] complainant is in fact pursuing

remedies other than those provided by section [31105], the Secretary [of Labor] may, in his or her discretion, postpone a determination of the section [31105] complaint and defer to the results of such proceedings." 29 C.F.R. § 1978.112(a)(3). The regulations support the conclusion that a claim related to the STAA may be brought in a forum other than the United States Department of Labor.

The purpose of the STAA is to safeguard both the public and truck drivers from the dangers posed by trucking on interstate highways. The statute was meant to complement and guide state law in this area, not to entirely preempt the field. *See Parten v. Consolidated Freightways Corp.*, 923 F.2d 580, 583 (8th Cir. 1991); *Specialized Carriers & Rigging v. Com. of Va.*, 795 F.2d 1152, 1153 (4th Cir. 1986). Indeed, the STAA establishes minimum standards, not ceilings, and allows for state safety regulation that does not conflict with federal law. *See, e.g.*, 49 U.S.C. §§ 31136-40, 31147. It follows that the employee protection provisions of section 31105 were intended to act as a floor, not a ceiling. Further, section 31105 is concerned with protecting whistle blowers and has no direct or substantial effect on commercial carrier safety regulations, the field over which the STAA exercises some preemptive control.

■ For the foregoing reasons, we do not find any "clear and manifest" congressional intent to preempt state law claims for wrongful discharge. *Wenners*, 140 N.H. at 104. Accordingly, a state law claim for wrongful discharge is not preempted by the STAA. *Cf. English*, 496 U.S. at 80-86 (state tort claims which do not lie within the preempted field of nuclear safety and have no direct and substantial effect on said field are not preempted by the Energy Reorganization Act's employee protection provision).

Even though there may be no express or implied preemption, a federal statute may supplant any state law with which it conflicts. *See Disabilities Rights Center, Inc.*, 143 N.H. at 676. In general, state causes of action are not preempted solely because they may impose additional liability beyond that authorized by federal law. *English*, 496 U.S. at 89. Further, "the mere existence of a federal regulatory or enforcement scheme, even one as detailed as [section 31105], does not by itself imply pre-emption of state remedies." *Id.* at 87.

In *Parten v. Consolidated Freightways Corporation*, 923 F.2d at 582-83, the Eighth Circuit Court of Appeals held that a state remedy for wrongful discharge "is a complementary remedy [to the STAA]

which does not conflict with section [31105]." *Id.* at 583. We agree. A wrongful discharge claim relying upon a violation of section 31105 furthers the goal of Congress to promote public safety on highways by providing additional protection to drivers who are fired because they refuse to violate federal regulations. Further, allowing drivers to proceed in state court encourages them to report violations and may subject the employer to substantial jury awards, beyond compensatory damages, if it retaliates against drivers who report. The economic aspect of a state law claim alone may induce an employer to investigate the driver's allegations rather than fire the driver.

We recognize that there is a split of authority on this issue. The cases which favor preemption assume that the STAA is a comprehensive remedial scheme, the purposes of which cannot be accomplished unless state laws in this area are preempted. *See, e.g., Davis v. Customized Transportation, Inc.*, 854 F. Supp. 513, 518 (N.D. Ohio 1994); *Norman v. M.S. Carriers, Inc.*, 741 F. Supp. 148, 150 (W.D. Tenn. 1990); *Watson v. Cleveland Chair Co.*, 789 S.W.2d 538, 544 (Tenn. 1989). These cases fail, in large part, to engage in a complete analysis of the statute's language, related regulations and legislative history. We, therefore, concur with the jurisdictions that hold that state law claims for wrongful discharge are not preempted by the STAA. *See, e.g., Germann v. Vulcan Materials Co.*, 106 F. Supp. 2d 1010, 1015 (S.D. Cal. 2000); *Whitworth v. TNT Bestway Transp., Inc.*, 914 F. Supp. 1434, 1436 (E.D. Tex. 1996); *Parten*, 923 F.2d at 583.

We briefly turn to the defendant's argument that where a statutory remedy exists, no common law cause of action can lie. "[A] plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action." *Wenners*, 140 N.H. at 103. The defendant asserts that the plaintiff has a remedy under section 31105 and, therefore, no common law claim for wrongful discharge can lie. Here, our preemption analysis includes a detailed examination of the express and implied intent of Congress and we find it unnecessary to revisit the same issue under the common law rule cited in *Wenners*.

*Reversed and remanded.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.