True v. DJQ Enterprises, et al.          09-CV-439-SM   3/2/11

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Winthrop True,
      Plaintiff

      v.                                    Case No. 09-cv-439-SM
                                            Opinion No. 2011 DNH 033
DJQ Enterprises, Inc.,
d/b/a Quirk Chevrolet Buick NH,
      Defendant


                      O R D E R


      Plaintiff, Winthrop True, sues his former employer, DJQ

Enterprises, Inc. ("DJQ").  Winthrop says that DJQ retaliated

against him because he asserted legitimate wage claims and

exercised his rights under the Fair Labor Standard Act ("FLSA"),

29 U.S.C. § 201 et seq.  At issue are two causes of action set

out in the complaint that arise from the same operative facts —

one a common law claim for wrongful discharge (Count I), the

other a claim for relief under the FLSA (Count II).


      Defendant moves for summary judgment on plaintiff's common

law wrongful discharge claim, arguing that, as a matter of law,

it cannot coexist with his FLSA claim, since it is the FLSA that

supplies the necessary "public policy" element of the wrongful

discharge claim, yet the FLSA also provides a defined statutory

remedy for the public policy transgression alleged to have

occurred.  See Smith v. F.W. Morse & Co., 76 F.3d 413, 428-29

(1st Cir. 1996) (determining that New Hampshire's common law does not permit a wrongful discharge cause of action where the public policy asserted to have been violated is derived from a statute that itself provides a right of action for that same violation).

Smith's broad interpretation of New Hampshire's common law is now suspect, given the New Hampshire Supreme Court's post-Smith decisions in Bliss v. Stow Mills, Inc., 146 N.H. 550 (2001), and Karch v. BayBank FSB, 147 N.H. 525 (2002). See Parker B. Potter, Jr., Revisiting the Scrap Heap: the Decline and Fall of Smith v. F.W. Morse & Co., 4 Pierce L. Rev. 481 (2006). In each case the state supreme court determined that a common law wrongful discharge claim could be maintained, notwithstanding that a statute (a federal statute in Stow Mills; a state statute in Karch) provided both the public policy element of the common law claim and a remedy for the policy's transgression. The critical issue in such cases is whether the state legislature intended to replace the common law wrongful discharge cause of action with a statutory remedy. Or, with respect to federal statutes, the question is one of preemption — whether Congress intended to preempt state law claims for wrongful discharge based upon the public policy vindicated in the federal statute. See Stow Mills, Inc., 146 N.H at 555.

Since Stow Mills and Karch, federal courts have generally considered Smith's holding to have been clarified by the New Hampshire Supreme Court. Under current state law, absent a showing that either New Hampshire's legislature intended to substitute a statutory remedy for the common law wrongful discharge cause of action, or that the Congress intended to preempt the state's wrongful discharge cause of action by enacting a specific statutory remedy, both the common law and statutory causes of action may be pursued simultaneously. See Weeks v. Wal-Mart Stores, Inc., 2010 WL 3703254 (D.N.H. 2010); Glynn v. EDO Corp., 536 F. Supp. 2d 595 (D. Md. 2008); Slater v. Verizon Communications, Inc., 2005 WL 488676 (D.N.H. 2005).

Defendant's position — that the mere existence of the FLSA's statutory remedies for retaliation in wage claim cases is enough to support summary judgment on plaintiff's wrongful discharge claim — is no longer viable. And, as in Weeks, defendant has not made a serious effort to develop the federal preemption analysis now required to support their claim to judgment as a matter of law on Count I (likely for good reasons). Accordingly, plaintiff may pursue his common law wrongful discharge claim along with his FLSA claim.

## Conclusion

Defendant's motion for summary judgment (document no. 8) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 2, 2011

cc: Debra W. Ford, Esq.
    Francis X. Quinn, Jr., Esq.