**DEVER et al., Appellants,**

v.

**LUCAS et al., Appellees.**

[Cite as *Dever v. Lucas,* 174 Ohio App.3d 725, 2008-Ohio-332.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 2007CAE060030.

Decided Jan. 29, 2008.

726

Daniel C. Harkin and Mark D. DeCastro, for appellants.

Jeffrey K. Lucas and Todd Bryant, for appellees.

---

Hoffman, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Fred Dever and others, appeal the June 15, 2007 judgment entry entered by the Delaware County Court of Common Pleas that granted the motion to dismiss filed by defendants-appellees Jeffrey K. Lucas and others and dismissed all counts in appellants' complaint.

## STATEMENT OF THE FACTS AND CASE

{¶ 2} On February 14, 1992, appellant Bobbie Dever ("Mrs. Dever") incorporated Appellant American Powder Coating and Manufacturing Company, Inc. ("American Powder"), with principal offices located on South Yellow Spring Street, in Springfield, Ohio. Mrs. Dever was and remains the sole shareholder of American Powder.

{¶ 3} Sometime around June 2004, appellee Glenn Clark began his employment with American Powder, earning an annual salary of $40,000. Clark had an interest in three businesses located in Clark County, Ohio: (1) Clark's APC, Inc. ("APC"), of which Clark was the controlling shareholder; (2) 2208 Yellow Springs, L.L.C. ("Yellow Springs"), of which Clark was the controlling owner; and (3) the Elect Group, Inc. ("Elect"), of which Clark was a partial owner. In early May 2005, Mrs. Dever and her husband, appellant Fred Dever ("Dever"), met with Clark and appellee Jeffrey Lucas, Clark's attorney, to begin negotiating the possible sale of the Devers' shares in American Powder. Clark began managing American Powder in early July 2005. The parties were unable to agree upon various material matters, and negotiations of the sale of American Powder to Clark from the Devers ended.

{¶ 4} On October 1, 2005, the Devers exercised their ownership interest and regained control of American Powder and the real property associated therewith. In mid-October, 2005, appellees were asked orally and in writing to vacate the premises. They failed to do so. Accordingly, on October 21, 2005, the Devers filed an action in the Clark County Court of Common Pleas, seeking a declaration of their ownership interest and for recovery of assets that they alleged appellees

had improperly diverted. Appellees counterclaimed, seeking a preliminary injunction.

{¶ 5} On December 7, 2005, after hearing two days of testimony, the Clark County Court of Common Pleas issued a preliminary injunction, ordering the Devers to relinquish possession of American Powder and the associated real property to Clark. The Devers timely appealed to the Clark County Court of Appeals and also filed a motion to stay. The appellate court issued a stay on December 22, 2005, conditioned upon the Devers' posting a bond. The Devers posted a bond on December 23, 2005. Within days of the court of appeals' stay order, Lucas filed Chapter 11 Bankruptcy petitions on behalf of APC and Yellowsprings, listing appellants as the only creditors. The Devers filed motions to dismiss the bankruptcy petitions or, alternatively, relief from the automatic stay in both bankruptcy cases.

{¶ 6} On January 24, 2006, the United States Bankruptcy Court for the Southern District of Ohio, Western Division, conducted a hearing on the Devers' motions. The Bankruptcy Court ruled, on the record, that there was cause to dismiss the case "as a result of the abrupt filing following the Court of Appeals Decision, the lack of clarity with regard to any specific terms for the contract, the absence of more than a two-party litigation, the availability of two active state courts that are involved * * *, the adamant desire of both parties to continue to litigate this case, rather than use the opportunity this forum would have presented to reach an agreed resolution, all of which persuade this case." In reaching its decision, the bankruptcy court noted that a Chapter 11 case can be dismissed for a number of reasons, including a finding that the case was filed in bad faith. The court then compared the facts of the case before it with those of a Sixth Circuit Court of Appeals decision that had found that the bankruptcy court appropriately dismissed an action on the grounds of bad faith.

{¶ 7} The Devers returned to the Clark County Court of Appeals and filed a motion for appellees to show cause why they should not be held in contempt for violating the court of appeals' stay by instituting the bankruptcy proceedings. Appellees responded by requesting leave to return to the Clark County Court of Common Pleas to file a motion to withdraw the motion for preliminary injunction. The court of appeals granted appellees leave. Appellees filed the motion to withdraw, which the trial court granted. As a result of the termination of the preliminary injunction, the court of appeals found that the Devers' appeal and motion to show cause had been rendered moot.

{¶ 8} On January 9, 2007, the Devers filed a complaint in the Delaware County Court of Common Pleas, naming Lucas and Clark as defendants.[1] The complaint

---

1. Lucas is a resident of Delaware County.

asserted causes of action in malicious prosecution, and alternatively, abuse of process, and frivolous conduct. On January 30, 2007, Lucas filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6), as well as a motion for sanctions pursuant to Civ.R. 11 and R.C. 2323.51. Clark filed an answer, affirmative defenses, and motion to dismiss on February 6, 2007. The Devers subsequently filed memoranda in opposition to Lucas's and Clark's motions to dismiss as well as to Lucas's motion for sanctions. Upon motion of the Devers, the trial court filed a judgment entry authorizing the transcription and certification of the bankruptcy court proceedings. The trial court scheduled a hearing on Lucas's motion for sanctions on April 4, 2007.

{¶ 9} On April 4, 2007, prior to the scheduled hearing, the Devers filed a motion for summary judgment. The trial court conducted the sanctions hearing with the parties presenting arguments only. Lucas and Clark filed memoranda in opposition to the Devers' motion for summary judgment, and the Devers filed replies thereto.

{¶ 10} Via judgment entry filed June 15, 2007, the trial court granted Lucas's and Clark's motions to dismiss, and dismissed all counts in the Devers' complaint.

{¶ 11} It is from this judgment entry that the Devers appeal, raising the following assignments of error:

{¶ 12} "I. The trial court erred by dismissing plaintiffs-appellants' claim for malicious prosecution based upon its erroneous finding that plaintiffs-appellants' failed to state the element of seizure of property in the complaint.

{¶ 13} "II. The trial court erred by dismissing plaintiffs-appellants' claim for abuse of process based upon its erroneous finding that plaintiffs-appellants did not claim, in their complaint, that defendants-appellees instituted a proceeding without [sic] probable cause."

I

{¶ 14} In their first assignment of error, the Devers maintain that the trial court erred in dismissing their claim for malicious prosecution based upon a finding that they failed to state the element of seizure in their complaint.

{¶ 15} In order to assert a claim for malicious prosecution, a plaintiff must allege four essential elements:

{¶ 16} "(1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Robb*

*v. Chagrin Lagoons Yacht Club, Inc.* (1996), 75 Ohio St.3d 264, 662 N.E.2d 9, syllabus.

{¶ 17} We will address each element in turn.

{¶ 18} Lucas and Clark contend that the petitions filed in bankruptcy court did not constitute a "prior proceeding" instituted against the Devers. They further argue that the Devers were not defendants in bankruptcy court, as those proceedings were not instituted against them (the Devers).

{¶ 19} "Proceeding" is defined as follows:

{¶ 20} "1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing. 5. *Bankruptcy.* A particular dispute or matter arising within a pending case—as opposed to the case as a whole.

{¶ 21} " ' "Proceeding" is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more comprehensive than the word "action," but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment. As applied to actions, the term "proceeding" may include—(1) the institution of the action; (2) the appearance of the defendant; (3) all ancillary or provisional steps, such as arrest, attachment of property, garnishment, injunction, writ of *ne exeat;* (4) the pleadings; (5) the taking of testimony before trial; (6) all motions made in the action; (7) the trial; (8) the judgment; (9) the execution; (10) proceedings supplementary to execution, in code practice; (11) the taking of the appeal or writ of error; (12) the *remittitur,* or sending back of the record to the lower court from the appellate or reviewing court; (13) the enforcement of the judgment, or a new trial, as may be directed by the court of last resort.' Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3–4 (2d ed. 1899)." Black's Law Dictionary (8th Ed.2004) 1241.

{¶ 22} We find that the filing of a petition in bankruptcy constitutes a "proceeding" within the common meaning of the word.

{¶ 23} Black's Law Dictionary (6th Ed.1990) 419 defines "defendant" as "the party against whom relief or recovery is sought in an action or suit." We find that the Devers fit the definition of defendant. Courts throughout this country have found that "[u]nder proper circumstances, a person may be subjected to liability for malicious prosecution for having instituted earlier unsuccessful

bankruptcy * * * proceedings against (or *involving*) the present plaintiff." *Specialty Mills, Inc. v. Citizens State Bank* (1997), 558 N.W.2d 617, 621.

{¶ 24} The purpose of Lucas's and Clark's filing petitions in bankruptcy, and the potential result, was to prevent the Devers from regaining possession of their property. Clark and his businesses had no other creditors from which "protection" was sought. We find that the Devers have satisfied the first essential element to assert a claim of malicious prosecution.

{¶ 25} We find that the Devers have also satisfied the second and third elements. The Devers filed a motion to dismiss the bankruptcy petitions, asserting that Lucas and Clark had instituted the proceedings in bad faith. After conducting a hearing on the motion on January 24, 2006, the bankruptcy court concluded that the matter did not belong in that forum and the petitions should be dismissed. The court specifically referred to the timing of the filing of the petitions, and the effect of the bankruptcy stay on the court of appeals' stay. The bankruptcy court noted that a petition in bankruptcy could be dismissed for a number of reasons, including bad faith. The bankruptcy court then proceeded to discuss the elements of a bad-faith filing and compared such to the case before it.

{¶ 26} We find that the dismissal of the bankruptcy proceeding was a termination in favor of the Devers. The bankruptcy court's oral decision, in which it found that the filings were made in bad faith, coupled with the timing of the filings is sufficient averment that Lucas and Clark lacked probable cause to initiate the bankruptcy proceedings.

{¶ 27} The final element that the Devers must assert is "seizure." The trial court found that the Devers had failed to properly allege the "seizure" element, and, as a result, it dismissed their complaint. We disagree with the trial court's finding.

{¶ 28} A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interest in that property." *State v. Fraley*, Hancock App. No. 5–04–59, 2005-Ohio-3076, 2005 WL 1421774. The Devers had a possessory interest in the property at issue. When the Clark County Court of Appeals ordered a stay, the Devers regained their possessory interest in the property. The filing of the bankruptcy proceedings automatically stayed the court of appeals' stay. We find that the legal impact of the bankruptcy stay constitutes meaningful interference with the Devers' possessory interest and therefore is a seizure of the property.

{¶ 29} Based upon the foregoing, we find that the Devers have asserted sufficient facts to state a claim for malicious prosecution so as to avoid a Civ.R. 12(B)(6) dismissal.

{¶ 30} The Devers' first assignment of error is sustained.

## II

{¶ 31} In their second assignment of error, the Devers contend that the trial court erred in dismissing their claim for abuse of process based upon an erroneous finding that they failed to claim that Lucas and Clark had instituted the bankruptcy proceeding with probable cause.

{¶ 32} In order to assert a claim of abuse of process, a plaintiff must allege the following:

{¶ 33} "(1) [A] legal proceeding has been set in motion in proper form and with probable cause;

{¶ 34} "(2) [T]he proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and

{¶ 35} "(3) [D]irect damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 298, 626 N.E.2d 115.

{¶ 36} "Civ.R. 8(E)(2) permits alternative or hypothetical pleading, or even the use of inconsistent claims, and states, in part, '(w)hen two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.'" *Iacono v. Anderson Concrete Corp.* (1975), 42 Ohio St.2d 88, 92, 71 O.O.2d 66, 326 N.E.2d 267.

{¶ 37} In their complaint, the Devers alleged abuse of process as an alternative cause of action. Lucas and Clark counter that the Devers advanced facts in their complaint that are contrary and do not plead an alternative theory but rather provide the trial court with two versions of the same story, which Lucas and Clark submit is impermissible. Lucas and Clark conclude that the trial court properly dismissed the claim for abuse of process based upon the Devers' pleading inconsistent statements.

{¶ 38} We recognize the differences in the elements necessary to prove a claim of malicious prosecution and those necessary to prove a claim of abuse of process. Despite these facially contradictory differences, we find that the Devers' assertion of an alternative theory of recovery of abuse of process was appropriate.

{¶ 39} The Ohio Supreme Court has held:

{¶ 40} "Even though the tort of malicious prosecution and the tort of abuse of process have different elements, in some situations the same facts which may constitute an abuse of process may also support an action for malicious prosecution. In that case, a complaint could allege both causes of action, in separate counts. In such a situation, a consideration of whether probable cause

was present to bring the underlying litigation would be the key to determining under which tort theory the action should proceed." *Yaklevich,* 68 Ohio St.3d at 298, 626 N.E.2d 115.

{¶ 41} The Supreme Court, in *Yaklevich,* added in a footnote, "Where it is not clear whether there was probable cause to bring the claims in the underlying suit, one who allegedly is injured by the improper use of a civil action would be wise to allege both malicious prosecution and abuse of process in separate counts of his or her complaint." Id. at 301, 626 N.E.2d 115, fn. 6.

{¶ 42} We hold that the Devers properly alleged both claims in their complaint pursuant to the directive in *Yaklevich* and that the trial court erred in dismissing their abuse-of-process claim.

{¶ 43} The Devers' second assignment of error is sustained.

{¶ 44} The judgment of the Delaware County Court of Common Pleas is reversed, and the matter is remanded for further proceedings consistent with this opinion and the law.

Judgment reversed
and cause remanded.

WISE, J., concurs

DELANEY, J. dissents.

DELANEY, J., dissenting.

{¶ 45} I respectfully dissent from the majority opinion.

{¶ 46} The complete dismissal of plaintiffs-appellants' complaint is warranted under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction.

{¶ 47} It is well settled that the issue of subject-matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings, including for the first time on appeal. *Ivkovich v. Steubenville* (2001), 144 Ohio App.3d 25, 29, 759 N.E.2d 434.

{¶ 48} I agree with other jurisdictions that have determined that the Bankruptcy Code and Federal Rules of Civil Procedure, specifically Section 105, Title 11, U.S.Code and Fed.R.Civ.P. 11, preempt state-law claims of malicious prosecution and abuse of process for conduct that occurred in bankruptcy proceedings.

{¶ 49} As recently recognized by the Supreme Court of Pennsylvania in *Stone Crushed Partnership v. Kassab Archbold Jackson & O'Brien* (2006), 589 Pa. 296, 908 A.2d 875, parties could be deterred from exercising their rights in bankruptcy if, by filing a bankruptcy action, they risk being faced with a state-court lawsuit and liability for substantial damages, citing *Gonzales v. Parks* (C.A.9, 1987), 830

F.2d 1033, 1036. It is for Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized. Id. at 308, 908 A.2d 875.

{¶ 50} See also *Mullin v. Orthwein* (Fla.App.2000), 772 So.2d 30, concurring opinion; *MSR Exploration, Ltd. v. Meridian Oil, Inc.* (C.A.9, 1996), 74 F.3d 910; *Koffman v. Osteoimplant Tech., Inc.* (D.Md.1995), 182 B.R. 115; *Mason v. Smith* (1996), 140 N.H. 696, 672 A.2d 705; *Sarno v. Thermen* (1992), 239 Ill.App.3d 1034, 180 Ill.Dec. 889, 608 N.E.2d 11; *Idell v. Goodman* (1990), 224 Cal.App.3d 262, 273 Cal.Rptr. 605; *Smith v. Terry's Tractor* (1989), 209 Cal.App.3d 951, 257 Cal.Rptr. 598.

{¶ 51} Accordingly, I would affirm the trial court's dismissal of the complaint, albeit on different grounds.