[Cite as *Armatas v. Aultman Hosp.*, 2022-Ohio-4376.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STEVEN A. ARMATAS, ET AL | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiffs-Appellees | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No.  2021 CA 00122 |
| AULTMAN HOSPITAL, ET AL | : |  |
|  | : |  |
| Defendants-Appellants | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                              Common Pleas, Case No. 2020 CV 00741

JUDGMENT:                     Affirmed in part; Reversed in part

DATE OF JUDGMENT ENTRY:       December 7, 2022

APPEARANCES:

For-Appellees                 For-Appellants

STEVEN A. ARMATAS, ET AL      PAUL J. PUSATERI
7690 Bucknell Circle N.W.     4684 Douglas Circle N.W.
North Canton, OH 44720        Canton, OH  44735

*Gwin, J.*

{¶1} Appellants appeal the April 22, 2021 judgment entry of the Stark County Court of Common Pleas granting appellees' motion to dismiss.

*Facts & Procedural History*

{¶2} Appellee Steven Armatas is the adult son and executor of the estate of his father, Alexander Armatas. In 2014, Alexander was taken by ambulance to Aultman Hospital after suffering a cardiac event. Alexander was 97 years old when he was admitted to Aultman; Steven avers that Alexander was in good health prior to this episode. He was intubated and placed on a respirator. Alexander passed away on December 31, 2014.

{¶3} Steven, individually, as executor of the estate of Alexander, and as the personal Medicare representative for Alexander, filed a complaint on December 28, 2016 in state court against numerous defendants. Appellees voluntarily dismissed, without prejudice, all causes of action pursuant to Civil Rule 41(A)(1). Appellees filed their claims in federal court in February of 2018. In March of 2020, the district court ruled on the federal claims and most of the state claims, but dismissed the remaining wrongful death claims without prejudice.

{¶4} On April 30, 2020, Armatas, individually, as personal Medicare representative for Alexander, and as executor of the estate of Alexander ("Appellees"), filed a complaint in the Stark County Court of Common Pleas against Aultman Hospital, Aultman Insurance Company, Aultcare, Ohio Physicians Professional Corporation, Dr. Stjernholm, Pulmonary Physicians, Dr. Nashawati, Dr. Boutros, Dr. Miller, Dr. Bou Serhal, Dr. Knoch, and Mark Rose alleging the following causes of action: medical malpractice,

wrongful death, survivorship action, breach of contract, fraud, intentional infliction of emotional distress, denial of court and abuse of process, violation of 42 U.S.C. § 1983, civil conspiracy, and violations of the R.I.C.O. Act. Appellees filed an amended complaint on November 30, 2020, alleging the same claims. Appellants Aultman Hospital and Aultcare Insurance Company filed counterclaims against Armatas, consisting of two claims: abuse of process and malicious prosecution.

{¶5} In the abuse of process claim, appellants aver that because Armatas "filed the present action after the claims alleged in the federal court action had been litigated and dismissed," the state law complaint filed on April 30, 2020 was "done for an ulterior purpose of harassment and constitutes an abuse of legal process." In their malicious prosecution claim, appellants aver, "the voluntary dismissal and refiling of the state court action were done out of actual malice for the ulterior purpose of harassment and to increase the litigation expenses of the defendants, and constituted malicious prosecution."

{¶6} Appellees filed a motion to dismiss the counterclaims pursuant to Civil Rule 12(B)(6). Appellants filed a joint brief in opposition to appellees' motion to dismiss. Appellees filed a reply brief.

{¶7} The trial court issued a judgment entry on April 21, 2021, granting appellees' motion to dismiss. As to the malicious prosecution claim, the trial court found appellants failed to allege the fourth element required for malicious prosecution, i.e., "seizure of plaintiff's person or property during the course of the prior proceedings." With regard to the abuse of process claim, the trial court cited to the portion of appellants' counterclaim stating, "[Armatas] filed the present action with probable cause after the claims alleged in

the federal court action had been litigated and dismissed," and the portion of the complaint stating, "[Armatas'] complaint against [Aultman Hospital] alleges claims that have already been adjudicated to final judgment against [Armatas]." The trial court found these two allegations contradict each other for purposes of determining whether an abuse of process claim is properly pled. According to the trial court, "Armatas cannot have filed the present action with probable cause that it has alleged [a] valid claim, if it is also true that such claims have been adjudicated to final judgment against Armatas."

{¶8} Appellants appeal the April 21, 2021 judgment entry of the Stark County Court of Common Pleas and assign the following as error:

{¶9} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DISMISSING THEIR COUNTERCLAIMS FOR ABUSE OF PROCESS PURSUANT TO CIV.R. 12(B)(6).

{¶10} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DISMISSING THEIR COUNTERCLAIMS FOR MALICIOUS PROSECUTION PURSUANT TO CIVIL RULE 12(B)(6)."

*Civil Rule 12(B)(6)*

{¶11} Our standard of review on a Civil Rule 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Co. Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1989). Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584

(1991). In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975).

I.

{¶12} In their first assignment of error, appellants contend the trial court committed error in dismissing their abuse of process claim. We agree.

{¶13} In order to assert a claim for abuse of process, a plaintiff must allege the following: (1) a legal proceeding has been set in motion in proper form and with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) direct damage has resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115.

{¶14} "Probable cause" means "a reasonable belief, supported by trustworthy information and circumstances, that the defendant's [proceeding] was legally just and proper." *Huber v. O'Neill*, 66 Ohio St.2d 28, 419 N.E.2d 10 (1981).

{¶15} This Court has addressed the issue of whether a plaintiff can allege both an abuse of process claim and a malicious prosecution claim in the same complaint, since once requires probable cause (abuse of process) and one requires the absence of probable cause (malicious prosecution). *Dever v. Lucas*, 174 Ohio App.3d 725, 884 N.E.2d 641 (5th Dist. Delaware 2008). We held a plaintiff could allege both causes of action, in separate counts. *Id.* We cited Civil Rule 8(E), which permits alternative or hypothetical pleading, or even the use of inconsistent claims. The rule provides, "when

two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims * * * as he has regardless of consistency * * *." Ohio Civil Rule 8(E)(2).

{¶16} We also cited the Ohio Supreme Court's holding that, "even though the tort of malicious prosecution and the tort of abuse of process have different elements, in some situations the same facts which may constitute an abuse of process may also support an action for malicious prosecution. In that case, a complaint could allege both causes of action, in separate counts." *Id.,* citing *Yaklevich, Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115; see also *Miller-Wagenknecht v. City of Munroe Falls*, 9th Dist. Summit No. 20324, 2001-Ohio-1877.

{¶17} The sole reason the trial court dismissed appellants' claim for abuse of process is because it found the allegations in the complaint contradicted themselves. Specifically, the trial court found that appellants could not simultaneously allege the action was supported by probable cause and allege the ulterior purpose was improper because, as a matter of law, a plaintiff cannot have probable cause for a complaint when the complaint is barred by res judicata. However, the question is whether appellees instituted the legal procedure with the reasonable belief that the case was legally just and proper under applicable law. The court does not conduct an examination of the merits of the claims or determine whether the claims were ultimately barred by the doctrine of res judicata, because an abuse of process claim is not dependent upon the outcome of the underlying proceeding. *Turkoly v. Gentile*, 7th Dist. Mahoning No. 20 MA 0043, 2021-Ohio-965 (tort of abuse of process "provides a remedy for situations in which (successful

or unsuccessful) legal procedure is instituted with probable cause but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed"); *Yaklevich, Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 1994-Ohio-503, 626 N.E.2d 115 (elements of tort of abuse of process do not include a requirement that the legal procedure ultimately is unsuccessful or successful); *Haller v. Borror*, 10th Dist. Franklin No. 93APE12-1657, 1994 WL 265660 (June 14, 1994) (action for abuse of process is not dependent upon the outcome of the proceedings, key consideration is whether an improper purpose was sought to be achieved); *Read v. Fairview Park*, 146 Ohio App.3d 15, 764 N.E.2d 1079 (8th Dist. 2001) (abuse of process claim is not dependent upon resolution of underlying proceeding). We find the trial court's legal determination that a complaint that is barred by res judicata can never be filed with probable cause to be in error.

{¶18} The complaint asserts that appellees, "filed the present action with probable cause." Appellants concede they believe they filed the present action with probable cause multiple times throughout the pleadings. For example, in their Civil Rule 12(B)(6) motion to dismiss, appellees include a chart detailing whether the necessary elements of each claim (abuse of process and malicious prosecution) is "present" or "absent." Appellees state the element of a "legal proceeding was set in motion against [Aultman] in proper form and with probable cause" is "present." Appellees state the "lack of probable cause" element is, "absent because Mr. [Steven] Armatas held a reasonable belief he could prevail in the litigation for several reasons." In their appellate brief in this case, appellees argue the refiling of the claims in state court was reasonable based upon the federal court's judgment entry.

{¶19} Based on the foregoing, we find the trial court committed error in dismissing appellants' abuse of process claim. Appellants' first assignment of error is sustained.

II.

{¶20} In their second assignment of error, appellants contend the trial court committed error in dismissing their counterclaim for malicious prosecution.

{¶21} The elements of the tort of malicious prosecution are: (1) malicious institution of prior proceedings against the plaintiff by the defendant; (2) lack of probable cause for filing the prior proceedings; (3) termination of the prior proceedings in the plaintiff's favor; and (4) the seizure of the plaintiff's person or property during the course of the prior proceedings. *Crawford v. Euclid Nat'l Bank*, 19 Ohio St.3d 135, 483 N.E.2d 1168 (1985).

{¶22} The Ohio Supreme Court has held that the general rule is that "no suit will lie for the malicious prosecution of a civil action where there has been no arrest of the person or seizure of property." *Id.* This is known as the "English Rule." *Id.*

{¶23} Appellants have failed to allege a seizure of person or property. However, they argue the English Rule is now only used in a minority of states. They ask this Court to reject or abandon the English Rule.

{¶24} However, the Ohio Supreme Court has repeatedly rejected attempts to abandon the English Rule. In *Crawford*, the Supreme Court specifically declined to abandon the English Rule and held, "the requirement of an arrest of the person or seizure of property in malicious prosecution actions is necessary." *Id.* Further, while the Supreme Court later eliminated the arrest or seizure requirement from the claim of malicious *criminal* prosecution, the Court specifically declined to overrule *Crawford*, and retained

the seizure element in malicious *civil* prosecution cases. *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 1996-Ohio-189, 662 N.E.2d 9 ("we therefore retain in malicious civil prosecution cases the long-held and well-reasoned requirement of seizure of property.")

{¶25} We decline to abandon or reject the English Rule, as such a decision would contradict the rule set forth in *Crawford* and *Robb*. According to the doctrine of stare decisis, "courts [should] follow controlling precedent, thus creating stability and predictability in our legal system." *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. The Ohio Supreme Court has decided the issue. Thus, this Court, like the trial court, is bound by the doctrine of stare decisis to apply the rule as set forth in *Crawford* and *Robb*.

{¶26} Appellants' second assignment of error is overruled.

{¶27} Based on the foregoing, appellants' first assignment of error is sustained. Appellants' second assignment of error is overruled.

{¶28}  The April 22, 2021 judgment entry of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part, for proceedings consistent with this opinion.

By Gwin, J.,

Wise, Earle, P.J., and

Delaney, J., concur